WIENER, a member of the class of persons who have paid usurious charges to the defendant on behalf of himself and all others similarly situated, Respondent, v. J. C. PENNEY COMPANY, Appellant. [Case No. 344.]

TUCCELLI, individually and on behalf of all others similarly situated, Respondent, v. NELSON BROTHERS FURNITURE COMPANY, Appellant. [Case No. 345.]

MITCHELL, individually and on behalf of all others similarly situated, Respondent, v. GIMBEL BROTHERS, INC., Appellant. [Case No. 346.]

WIENER, a member of the class of persons who have paid usurious charges to the defendant on behalf of himself and all others similarly situated, Respondent, v. SEARS, ROEBUCK & COMPANY, Appellant. [Case No. 347.]

MATTHEWS, individually and on behalf of all others similarly situated, Respondent, v. BOSTON STORE, Appellant. [Case No. 348.]

MOYLAN, individually and on behalf of all others similarly situated, Respondent, v. SEARS, ROEBUCK & COMPANY, Appellant. [Case No. 349.]

LASIEWICZ, individually and on behalf of all others similarly situated, Respondent, v. NISS & SONS, INC., Appellant. [Case No. 420.]

DOUGLAS, individually and on behalf of other credit customers who paid defendant usurious charges, Respondent, v. COMMUNITY STORES CORPORATION, Appellant. [Case No. 455.]

*Nos. 344–349, 420, 455. Argued May 2, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 756.)

For the defendants-appellants there were briefs by *Steven E. Keane, James P. Brody, Robert A. Christensen,* and *Foley & Lardner,* all of Milwaukee, for J. C. Penney Company, Inc., Nelson Brothers Furniture Company, and Gimbel Brothers, Inc.; and by *L. C. Hammond, Jr., John S. Holbrook, Jr., Bruce C. Davidson,* and *Quarles, Herriott, Clemons, Teschner & Noelke,* all of Milwaukee, for Sears, Roebuck & Company, Milwaukee Boston Store Company, a division of Federated Department Stores, Inc., and Community Stores Corporation, attorneys; and *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, of counsel for J. C. Penney Company, Inc.; and *Shea, Hoyt, Greene, Randall & Meissner* of Milwaukee, of counsel for Gimbel Brothers, Inc.; and oral argument by *John S. Holbrook, Jr.,* for Sears, Roebuck & Company, Federated Department Stores, Inc., and Community Stores Corporation; and by *Steven E. Keane* for J. C. Penney Company, Inc., Nelson Brothers Furniture Company, Gimbel Brothers, Inc., and Niss & Sons, Inc.

For the plaintiffs-respondents there were briefs by *Warshafsky, Rotter & Tarnoff* of Milwaukee, for Michael Tuccelli, et al., Robert Mitchell, et al., James Matthews, et al., Thomas Moylan, et al., and Elco Douglas, et al.; and by *Meldman & Kahn* of Milwaukee for William Wiener, et al., attorneys; and *Ted M. Warshafsky* and *Joan F. Kessler,* both of Milwaukee, and *Aram A. Hartunian* and

*Pressman & Hartunian,* all of Chicago, Illinois, of counsel; and oral argument for respondents in Case Nos. 345, 346, 348, 349, and 455 by *Ted M. Warshafsky,* and for the respondents in Case Nos. 344 and 347 by *Aram A. Hartunian.*

PER CURIAM. These cases were brought on appeals from orders overruling demurrers. The demurrers were founded upon the proposition that for various reasons, both substantive and procedural, class actions for the recovery of usurious charges are not permissible in Wisconsin.

Subsequent to the filing of briefs and oral argument in this court, the Governor signed into law Senate Bill No. 3 of the special session of 1972. This bill on its face eliminates the allowance of penalties:

"138.06 (6) In connection with a sale of goods or services on credit or any forbearance arising therefrom prior to October 9, 1970, there shall be no allowance of penalties under this section for violation of s. 138.05, except as to those transactions on which an action has been reduced to a final judgment as of the effective date of this subsection (1972)."

In addition, the act, published May 11, 1972, purports to limit a refund or credit of interest paid since October 8, 1968, two years prior to this court's decision in *State v. J. C. Penney Co.* (1970), 48 Wis. 2d 125, 179 N. W. 2d 641, to the excess over that allowed by law. It further appears to provide that an action may be brought only after individual notice to the seller. Upon nonpayment after a reasonable time, the seller "shall be liable in an *individual* action." (Emphasis supplied.)

The effect, if any, of this statute on class actions of the type brought on these appeals was not and could not have been considered in the filed briefs. It is at least arguable that the legislature's intent was to affect the type of cases now before us.

We believe that it would be fruitless to consider the issues as briefed without the trial court's prior consideration of the scope of the new legislation and its effect upon plaintiffs' causes of action.

The orders of the trial court are reversed, and the causes are remanded for further proceedings. The parties shall have the right to amend any and all pleadings as they see fit.